UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PHILLIP KELLY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:09CV1938 RWS |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before me on Phillip Kelly's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1]. For the reasons set forth below, the motion will be denied.

**I.   Background**

On August 6, 2007, Kelly pled guilty to two counts of an indictment for possession with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II). In exchange for Kelly's plea of guilty to Counts I and II, the United States Attorney agreed to move for dismissal of Count III, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and agreed not to file any other charges against Kelly relative to his conduct on the day of the indictment, January 19, 2007. In the plea agreement, both Kelly and the United States Attorney agreed to waive the right to appeal all sentencing issues provided that the sentence imposed was in accordance with recommendations in the plea agreement and within the sentencing guidelines range. Plea Agreement at 4. The agreement also stated that Kelly agreed to waive all rights to contest his conviction or sentence in any post-conviction

proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Id.

During the plea hearing, I reviewed the terms of the plea agreement and asked Kelly a series of questions to ensure he understood the terms of the agreement. Kelly represented to me that he had read the agreement, discussed it with his attorney, and understood the terms of the agreement. Plea Hr'g Tr. at 6, Aug. 6, 2007. Kelly acknowledged under oath that he was satisfied with his counsel's representation and that counsel had performed all tasks and investigations requested of him. Id. At no time did Kelly express any dissatisfaction with the defense counsel. I informed Kelly that the sentence of imprisonment under Count I was a minimum of ten years. Id. at 20. Kelly also acknowledged that he understood that he was subject to a consecutive mandatory minimum term of imprisonment sixty months on Count II. He also agreed not to appeal any sentence imposed so long as it was consistent with the plea agreement recommendations. Id. at 13.

At the sentencing hearing on December 3, 2007, I made the determination, as a matter of law, based on the presentence report and consistent with the plea agreement stipulations, that Kelly was subject a prison term of 180 months. Sentencing Hr'g Tr. at 9. The total offense level was twenty-seven and the criminal history was category IV. The term consists of the minimum sentence of 120 months imprisonment for Count I and a consecutive term of the minimum sentence of sixty month's imprisonment for Count II. I told Mr. Kelly that even though he agreed not to appeal if his sentence was consistent with the plea agreement, he could appeal within ten days if he felt any reason to do so. Id. at 12.

On, June 5, 2009, Kelly filed his appeal in the United States Court of Appeals for the

Eighth Circuit. The Eighth Circuit dismissed the appeal on the grounds that Kelly agreed to waive the appeal as part of his plea agreement. United States v. Kelly, 329 F. App'x 696 (8th Cir. July 2009).

Kelly then filed a motion for relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on November 20, 2009.

## II.     Grounds for Relief

In his § 2255 motion, Kelly alleges that his counsel was constitutionally ineffective, thereby depriving his constitutional right to counsel provided by the Sixth Amendment. Specifically, Kelly alleges his counsel:

(1) Inappropriately informed him of the magnitude of his criminal history category pursuant to 18 U.S.C. § 924(c), which triggered a misapplication of Kelly's sentencing guidelines and the sentence imposed.

(2) Failed to research the application of the sentencing guidelines and to contest or challenge the consecutive sentencing imposed pursuant to 18 U.S.C. § 924(c).

(3) Provided him with a misinterpretation of the application of petitioner sentencing guidelines imposed in his case and failed to properly explain that the sentence would trigger a consecutive sentence, misleading Kelly to believe he would receive a single sentence.

For the reasons that follow, Kelly's § 2255 motion will be denied.

## III.    Analysis

*A.     Ineffective Assistance of Counsel*

To state a claim for ineffective assistance of counsel, Kelly must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that

counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689.

Second, Kelly must show that "the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Roqriquez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

> *i. Counsel's Failure to Inform Petitioner of the Magnitude of the Criminal History Category*

Kelly's first allegation that counsel failed to inform him of the magnitude of his criminal history record is refuted by the record. During the plea hearing, Kelly acknowledged that he was satisfied with his counsel's representation and that defense counsel had explored all areas which Kelly requested. Plea Hr'g Tr. at 6. In the course of Kelly's plea, I asked Kelly under oath whether there was anything he wanted counsel to do that he did not do. Kelly indicated that he had discussed everything in the plea agreement with his lawyer and was satisfied with his representation. Id. Kelly also acknowledged that he understood that there was no agreement in the plea agreement as to what his criminal history is or how it was to be treated by the guidelines. Id. at 16. He stated that he understood that criminal history is the calculation that goes across the

top of the guideline chart. Id. I asked Kelly if he understood that the sentencing guidelines would be applied to the facts of his case to determine the appropriate sentence. Id. I also asked whether he understood that he had agreed not to appeal any sentence that is imposed consistent with the recommendations in his plea agreement, even if the sentence is longer than he anticipated. Id. at 15. He answered "yes" to both questions. I provided Kelly with several opportunities to voice questions or concerns with respect to the proceedings. Kelly represented that he read and understood the plea agreement, was satisfied with defense counsel's representation, and that none of his questions were left unanswered. Moreover, Kelly's sentence was not a result of his criminal history. The sentence was a result of the mandatory minimum sentences for each of Counts I and II which run consecutively. As a result, Kelly is not entitled to relief on this ground..

*ii. Counsel's Failure to Research Sentencing Guidelines and Object to the Consecutive Sentence*

Kelly's second allegation that counsel failed to research sentencing guidelines is also refuted by the record. During the plea hearing, counsel requested to continue sentencing until November due to proposed changes in sentencing guidelines to take place in November in order for Kelly to receive any beneficial changes that might occur. Plea Hr'g Tr. at 9. This request indicates that counsel had appropriately researched and was well aware of the sentencing guidelines.

Furthermore, the plea agreement states the sentencing guidelines for the case, and Kelly signed the agreement, stating that he understood all terms of the agreement. Additionally, the plea agreement states that each party has "the right to rely upon and hold the other party to the

recommendations at the time of sentencing." Plea Agreement at 3. In exchange for agreeing to allow this enhancement, as well as other concessions, the Government waived it's right to bring other charges against Kelly. During the hearing, Kelly repeatedly stated that he understood that the crimes he was pleading to carried a consecutive sentence and that he understood that if the sentencing proceeding resulted in a longer sentence than he anticipated, that would not be reason to seek relief. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceed, the defendant's representations during the plea carry a strong presumption of verity and pose a "formidable barrier in any subsequent collateral proceedings." Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). In the absence of any basis to find Kelly's statements during the plea hearing were untrue, I accept them as fact. Because this claim is refuted by the record, it fails.

Kelly's allegation that counsel failed to object to the consecutive sentencing guideline is accurate, but counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Kelly asserts that 18 U.S.C. § 924(c) provides for three levels of mandatory consecutive sentences for defendant's use of a firearm in connection with certain crimes "*except* to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c) (2006). Kelly asserts that there has been a split among courts as to the meaning of the term "except" and some courts have held it to mean that where a defendant is exposed to two minimum sentences, only the higher one should apply. See United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). However, the United States Court of Appeals for the Eighth Circuit declined to accept this interpretation, and held that the only purpose of the "except" clause was to link the

subsections of § 924 together. United States v. Alaniz, 235 F.3d 386 (8th Cir. 2000). Under Alaniz, a consecutive sentence under § 924 is mandatory despite the presence of another mandatory sentence in a case.

More importantly, since Kelly's sentencing hearing, the United States Supreme Court has resolved any circuit conflict on this issue. In Abbot v. United States, the Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 131 S. Ct. 181 (2010). Therefore, even if counsel had objected to the consecutive sentence, the grounds for the objection became moot based on the decision in Abbot. "Prejudice exists only if there is a reasonable probability that the outcome would have been different had counsel's performance been adequate." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008). A "mere possibility of prejudice" does not meet the actual prejudice threshold needed to establish an ineffective assistance counsel claim. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). Given that counsel's objection to the consecutive term would have been denied based on Eighth Circuit precedent, I will deny Kelly's claim of ineffective assistance on this point.

### iii. Counsel's Failure to Properly Explain the Sentencing Guidelines

Kelly's final allegation that counsel failed to properly explain the sentencing guidelines, misleading him to believe he would receive a single sentence, is refuted by his own testimony. Kelly stated that he understood the meaning of a consecutive sentence and that he had discussed the consecutive sentence with his lawyer. Plea Hr'g Tr. at 15. I asked Kelly a second time if he understood that the sentence for Count II would run consecutive to Count I later in the plea

hearing, to which he again indicated that he understood. Id. at 21. In addition, the plea agreement, signed by Kelly, further indicates that he fully understood that the sentence imposed for Count II shall run consecutive to the sentence imposed for Count I. Therefore, this claim is denied.

      B.     *An Evidentiary Hearing is Not Warranted*

Kelly has filed a request for an evidentiary hearing. Generally, 28 U.S.C § 2255 entitles movants to a hearing on the merits of their petition. 28 U.S.C. § 2255 (2006). However, an evidentiary hearing need not be held if "the petitioners allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The parties' filings and the records of the case indicate that Kelly had discussed the consecutive sentence with his counsel and understood the meaning of the term. I accept Kelly's assertion that counsel did not challenge the consecutive sentence, but even when accepted as true, Kelly is not entitled to relief because the consecutive sentence would have been imposed. Additionally, Kelly was fully informed by me at the plea hearing that a consecutive sentence would be imposed. Therefore, an evidentiary hearing is not needed in this matter.

**IV. Certificate of Appealability**

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could not

resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that Kelly did not provide a sufficient basis to conclude that his counsel was constitutionally ineffective. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Phillip Kelly's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that Kelly's motion for reconsideration of his request for an evidentiary hearing [#14] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Kelly has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2011.